UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JAMES FRANKLIN SNYDER,<br><br>     Plaintiff,<br><br>   vs.<br><br>SHARON FELTON, NICOLE BRUNER, BRIAN CLEMENT and AARON COLE,<br><br>     Defendants. | NO.  CV-10-5141-EFS<br><br>**ORDER DISMISSING ACTION FOR FAILURE TO COMPLY WITH FILING FEE REQUIREMENTS** |

By Order filed March 17, 2011, the Court directed Mr. Snyder, formerly a prisoner at the Benton County Jail and now residing in Newport, Washington, to complete and file a financial affidavit as required by 28 U.S.C. § 1915(a)(1).  Due to Mr. Snyder's release from incarceration, there is no mechanism for collecting the filing fee in partial payments under 28 U.S.C. § 1915(b)(2).  In the alternative, the Court directed Mr. Snyder to pay the full $350.00 filing fee.

The Court admonished Mr. Snyder that failure to comply would result in dismissal of this case for failure to prosecute.  He did not comply and has filed nothing further in this action.

"Pursuant to Federal Rule of Civil Procedure 41 (b), the district court may dismiss an action for failure to comply with any order of the court."  *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992).  The district court should consider five factors when deciding whether to

ORDER DISMISSING ACTION -- 1

dismiss a case for failure to obey a court order:

> (1) The public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.

*Id.* at 1260-61 (citations omitted).

The first two factors weigh in favor of dismissal. The Court's and the public's interests are both served by a quick resolution of civil rights litigation. The third factor also favors dismissal. Defendants will not be prejudiced if the claims are dismissed because Defendants have not yet been served. Only the fourth factor arguably weighs against dismissal. However, despite the Court's instructions, Mr. Snyder has not complied with the filing fee requirements of 28 U.S.C. §§ 1914(a) or 1915(a)(1). As for the fifth factor, the only less drastic alternative would be to allow Plaintiff yet more time to comply. Mr. Snyder, however, has already had more than six weeks to follow the Court's directive and failed to do so. Allowing a further extension would frustrate the purpose of the first two factors; therefore, the fifth factor favors dismissal. On balance, the four factors that favor dismissal outweigh the one that does not. *Ferdik*, 963 F.2d at 1263 (citing *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 133 n.2 (9th Cir. 1987) (four factors heavily supporting dismissal outweigh one against dismissal)).

Accordingly, **IT IS HEREBY ORDERED**: this action is **DISMISSED WITHOUT PREJUDICE** for failure to obey an Order of this Court to comply with the statutory filing fee requirements.

**IT IS SO ORDERED**. The District Court Executive is directed to

ORDER DISMISSING ACTION -- 2

enter this Order and forward a copy to Mr. Snyder at the Newport, Washington, address, enter judgment, and close the file.  The Court certifies any appeal of this dismissal would not be taken in good faith.

**IT IS SO ORDERED.**  The District Court Executive is directed to file this Order and provide copies of this Order to counsel.

**DATED** this ___10th___ day of May 2011.

                          S/ Edward F. Shea
                            EDWARD F. SHEA
                     United States District Judge

Q:\Civil\2010\10cv5141efs-5-10-disfoo.wpd

ORDER DISMISSING ACTION -- 3